FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 17 2017 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
STEPHAN LOUIS VALDEZ,

                Plaintiff,

-against-

4TH PRECINCT POLICE SUFFOLK, ET AL.,

                Defendants.
-------------------------------------------------------------X

ORDER
13-CV-2516 (JFB) (SIL)

JOSEPH F. BIANCO, District Judge:

Before the Court is a Report and Recommendation dated April 27, 2017 (the "R&R") from Magistrate Judge Steven Locke recommending that the Court dismiss this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (Electronic Order dated 4/27/2017.) The R&R instructed that any objections be submitted by May 11, 2017. The date for filing any objections has since expired, and plaintiff has not filed any objection to the R&R. For the reasons set forth below, the Court adopts the R&R and dismisses plaintiff's complaint with prejudice.

Where there are no objections, the Court may adopt the report and recommendation without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); *cf.* 28 U.S.C. § 636(b)(1)(c) *and* Fed. R. Civ. P. 72(b)(3) (requiring *de novo* review after objections). However, because the failure to file timely objections is not jurisdictional, a district judge may still excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example,

prevent plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is nonjurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Thomas*, 474 U.S. at 155)).

Although plaintiff has waived any objection to the R&R and thus *de novo* review is not required, the Court has conducted a *de novo* review of the R&R in an abundance of caution. Rule 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)); *see Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) ("[D]ismissal [pursuant to Rule 41(b)] is a harsh remedy and is appropriate only in extreme situations."); *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004) ("Rule [41(b)] is intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload."). Moreover, it is well-settled that a district court "may act *sua sponte* to dismiss a suit for failure to prosecute." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (citing *Link*, 370 U.S. at 630); *see also Le Sane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("Although the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute.").

Courts have repeatedly found that "[d]ismissal of an action is warranted when a litigant, whether represented or instead proceeding *pro se*, fails to comply with legitimate court directives." *Yulle v. Barkley*, No. 9:05-CV-0802, 2007 WL 2156644, at *2 (N.D.N.Y. July 25, 2007) (citations omitted). A district court contemplating dismissal of a plaintiff's claim for failure to prosecute and/or to comply with a court order pursuant to Rule 41(b) must consider:

> 1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000). In deciding whether dismissal is appropriate, "[g]enerally, no one factor is dispositive." *Nita v. Conn. Dep't of Env. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994); *see Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993) ("'[D]ismissal for want of prosecution is a matter committed to the discretion of the trial judge [and] the judge's undoubtedly wide latitude is conditioned by certain minimal requirements.'") (quoting *Merker v. Rice*, 649 F.2d 171, 173-74 (2d Cir. 1981)).

Here, plaintiff's last communication with the Court was on January 4, 2016 when he filed a motion to adjourn a status conference (ECF No. 36), which Magistrate Judge Locke granted. Defendants filed a letter with Judge Locke on September 9, 2016 advising him that plaintiff had not responded to their correspondence regarding dates for the next status conference. (ECF No. 37.) Judge Locke held a telephone conference on October 14, 2016, plaintiff failed to appear, and Judge Locke set an in-person conference for November 18, 2016. (ECF No. 39.) He explicitly warned plaintiff that failure to appear for that conference could result in dismissal of the case for failure to prosecute. (*Id.*) Plaintiff appeared for that conference, and Judge Locke set deadlines for service of interrogatories and document requests. (ECF No. 40.) Another in-person conference was set for April 27, 2017, and plaintiff was again warned that failure to appear could result in dismissal. (Electronic Order dated 4/07/2017.) Plaintiff failed to appear at the conference (ECF No. 41), and, it being the third time plaintiff failed to appear at a scheduled conference, Judge Locke issued an electronic order recommending dismissal for failure to prosecute.

Plaintiff's failure to appear at the conference scheduled before Judge Locke and to

otherwise comply with his order are prejudicial to defendants, who bear the costs and burdens of having this open civil litigation, and also contribute to calendar congestion. In short, having conducted a review of the full record and the applicable law, and having reviewed the R&R *de novo*, the Court adopts the analysis and recommendation contained in the R&R in their entirety.

The Court dismisses this action with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of the Court shall close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Joseph F. Bianco
United States District Judge

Dated: August 17, 2017
Central Islip, New York